UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE-BREMER
BRADLEY ALAN BREMER,

                                                              17-CV-12396
        Plaintiffs,            HON. GEORGE CARAM STEEH

    v.

JACK WALSH, et. al.

        Defendants.
_____/

**OPINION AND ORDER DENYING THE RENEWED MOTION
FOR THE CLERK OF THE COURT TO PROVIDE THE
PLAINTIFFS WITH A COPY OF MOTIONS, DENYING
THE MOTION FOR THE APPOINTMENT OF COUNSEL,
AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT**

The Court has before it the plaintiffs' joint *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff William Gentry Friske-Bremer is an inmate currently confined at the Carson City Correctional Facility in Carson City, Michigan. Plaintiff Bradley Alan Bremer is an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. For the reasons that follow, the plaintiffs' renewed motion for the Clerk of the Court to provide plaintiffs with a copy of the motions is DENIED. The motion for

-1-

the appointment of counsel is DENIED. The complaint is DISMISSED WITHOUT PREJUDICE.

## I. Background

On August 9, 2017, Magistrate Judge R. Steven Whalen signed an order directing plaintiffs to provide three additional copies of the complaint in order to effect proper service upon the defendants. Plaintiffs were given thirty days to respond to the order. To date, the order has been not been complied with.

On September 18, 2017, this Court granted plaintiffs' motion to add defendants, denied their request for the Court to make copies of the complaint in order to cure the deficiency, but granted plaintiffs an additional 30 days to cure the deficiency.

Plaintiffs subsequently filed a motion to have the Clerk's office provide them with a copy of their motion because they sent their only copy to the Court. On September 29, 2017, the Court denied the motion because the plaintiffs failed to specify the motion that they sought to have provided to them. The motion was denied without prejudice to the plaintiffs' renewing their request by specifying which motion or motions they seek copies of.

Plaintiffs have filed a renewed motion for copies. Plaintiffs have also filed a motion for the appointment of counsel. Plaintiffs have yet to cure the deficiency in spite of being given an extension of time to do so.

## II.  Discussion

### A.  The renewed motion to provide copies of motions is DENIED.

Plaintiffs filed a renewed motion to have the Clerk's office provide them with a copy of motions # 1 and # 2, but have again not specified which pleadings they are referring to. Plaintiffs have filed a complaint and several motions in this case, so it is still unclear which motions that they seek to have copied. The Court thus again denies plaintiffs' request to have the Clerk of the Court provide them with copies of unspecified pleadings.

### B.  The motion for the appointment of counsel is DENIED.

The Court will deny plaintiffs' motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiffs also do not have a statutory right to the appointment

of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996).

### C. The complaint is DISMISSED WITHOUT PREJUDICE.

The Court dismisses the complaint without prejudice because plaintiffs failed to timely cure the deficiency.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

The Court will dismiss the complaint for want of prosecution, because of plaintiffs' failure to comply with Magistrate Judge Whalen's order by failing to provide the requested copies needed to effect service upon the

defendants. *See Erby v. Kula,* 113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

## III. ORDER

IT IS HEREBY ORDERED that Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE to Plaintiffs re-filing a new complaint in this matter.

The motions to request a copy of the motion 1 and 2 and for the appointment of counsel [Dkt. ## 16, 18] are DENIED.

Dated: November 30, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2017, by electronic and/or ordinary mail and also on:

Bradley Alan Bremer #588898
Gus Harrison Correctional Facility
2727 E Beecher St.
Adrian, MI 49221

William Gentry Friske-Bremer #236923
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk